UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 06-18-DLB

JOSEPH T. REINERT, et al.,                                          PLAINTIFFS,

v.

BOBBIE V. RANDALL,                                                   DEFENDANT

**MEMORANDUM ORDER**

    This litigation arises out of a motor vehicle accident which occurred on a wintery day.  The defendant alleges that multiple accidents occurred that same day along the same stretch of road, caused by the failure of the Commonwealth of Kentucky to properly plow and salt the roadway in question.  Based upon this allegation, the defendant has moved for leave to file a third party complaint against the Commonwealth, pursuant to Fed. R. Civ. P. 14(a), to present the issue of apportionment.  Plaintiffs oppose defendant's motion.  Plaintiffs contend that the defendant should not be permitted to point to an empty chair where the court has no personal jurisdiction of the third party defendant.   The parties agree that the Commonwealth is entitled to sovereign immunity and that recovery may be had only in the Board of Claims pursuant to KRS §44.070 *et seq*.

    **Analysis**

    The defendant's motion presents a question of first impression.   The parties cite several cases on either side of this issue.  None is directly on point, but three are close:  *Poole Truck Line, Inc. v. Commonwealth of Kentucky, Transportation Cabinet/Department of Highways*;  *Grimes v. Mazda North American Operations*;  and  *Lexington-Fayette Urban County Government v.*

*Smolcic*. Extrapolating from this limited case law, I conclude that the defendant should be permitted to file its tendered third party complaint.

Competing principles drive the court's analysis. Plaintiff argues that the third party complaint should not be permitted because the doctrine of sovereign immunity immunizes the Commonwealth from suit in this court. Plaintiff relies on the *Smolcic* case to emphasize this point. By contrast, the defendant argues that the third party complaint must be permitted in accordance with Kentucky's statutory scheme of apportionment. The *Poole* and *Grimes* cases highlight this principle.

It should be noted that unlike a motion to amend a first party complaint under Rule 15, leave to file a third party complaint under Rule 14 is generally not subject to denial on grounds of futility. In other words, leave to file a third party complaint should be permitted for purposes of apportionment even where the defendant is subject to immediate dismissal based upon a clear affirmative defense. In this case, it appears likely that the Commonwealth is entitled to immunity from suit in this court. Nevertheless, the legislature's partial waiver of that immunity through the Board of Claims Act permits the Commonwealth to be named in a third party complaint in this court for purposes of apportionment. *See generally*, KRS 44.070, *et seq.*; *Collins v. Commonwealth*, 10 S.W.3d 122, 124-125 (Ky. 2000).

A similar issue was first presented in *Poole Truck Line, Inc. v. Commonwealth of Kentucky, Transportation Cabinet/Department of Highways*, 892 S.W.2d 611 (Ky. Ct. App. 1995).[1] Poole was originally named as a defendant in a wrongful death action filed in state court by the estate of

---

[1] Though not cited by the parties, this case has not been overruled.

William Vaughn, arising out of a trucking accident. Poole moved to join the Transportation Cabinet in the state court case, alleging negligent design of the intersection in question. Ironically, the state trial court denied Poole's motion on grounds of sovereign immunity. After that motion was denied but apparently before reaching the issue of apportionment, Poole and Vaughn's estate settled their dispute.

Poole subsequently filed a claim with the Board of Claims seeking indemnification or contribution for the amount paid to Vaughn's estate in settlement. The Board of Claims concluded that the Commonwealth had been negligent in designing the highway intersection, but nevertheless dismissed Poole's indemnity claim on the ground that such claims were not cognizable under the Board of Claims Act. The Board held that Poole's claim was a "collateral or dependent" claim which was "dependant on loss to another and not the claimant" - a type of claim specifically barred by KRS §44.070(1). The state circuit court affirmed and Poole appealed. The Kentucky Court of Appeals affirmed the denial of the indemnification claim for the reasons stated, but reasoned:

> This does not mean that a defendant in a negligence action will always be forced to pay for negligence properly attributable to the Commonwealth. *Ordinary rules of contributory negligence allow for an apportionment of damages based on a like apportionment of fault. The defendant is protected in that he or she only has to pay damages based on his or her portion of the fault.* The original plaintiff must resort to the Board of Claims to collect the remaining damages attributed to the state. KRS 44.070(1) merely prohibits the original defendant from brining the same case before the Board of Claims in its own behalf as an action for indemnification or contribution.

*Id.* at 614 (emphasis added).

Clearly, the Kentucky Court of Appeals believed that apportionment against the Commonwealth would have been appropriate. A similar result obtained in *Grimes v. Mazda North American Operations,* 355 F.3d 566 (6th Cir. 2004). In that case, a truck passenger injured in an

3

accident filed a complaint in state court against the truck manufacturer and distributor. Defendants removed the case to the U.S. District Court for the Western District of Kentucky, then filed a third party complaint against the Kentucky DOT alleging negligent maintenance, design and construction of the roadway, along with failure to warn of a dangerous curve. As defendants seek to do in this case, the defendants in *Grimes* added the state defendant solely for purposes of apportionment. The Department was thereafter dismissed on Eleventh Amendment grounds.

Ultimately, judgment was rendered in favor of the defendants following a jury trial. The jury concluded that plaintiff was not wearing her seat belt at the time of the accident and that the truck was not defective. Because no damages were awarded, the jury did not apportion damages between the defendants and the Commonwealth. Plaintiffs appealed, arguing that the addition of the Kentucky DOT destroyed diversity and required remand to state court, and that the district court erred in various evidentiary rulings. The Sixth Circuit disagreed and affirmed. Relevant to this proceeding is the plaintiffs' additional argument on appeal that the Kentucky DOT was an improper party subject to Eleventh Amendment immunity and against whom fault should not have been apportioned. The Sixth Circuit declined to rule on the apportionment issue, finding it to be "moot because the jury found no liability against defendants." *Id.* at 574. Although the Sixth Circuit declined to rule on the issue, this court agrees with the decision of the district court in *Grimes* that apportionment was appropriate. In accordance with this reasoning as well as that of the Kentucky Court of Appeals in *Poole*, I conclude that the defendant's motion for leave to file the third party complaint should be granted.

In reaching this conclusion, I find *Lexington-Fayette Urban County Government v.*

4

*Smolcic*, 142 S.W.3d 128 (Ky. 2004) to be distinguishable.[2] In *Smolcic*, the Kentucky Supreme Court held that the urban county government was not subject to an apportionment of fault in a motor vehicle accident. However, unlike the would-be third-party defendant in this case, the urban county government in *Smolcic* was entitled to *complete* sovereign immunity. As discussed by the court, the county's immunity was *not* waived in any part by the Board of Claims Act. Referencing its earlier holding in *Jefferson County Com. Attorney's Office v. Kaplan*, 65 S.W.3d 916 (Ky. 2001) that fault could not be apportioned against defendant prosecutors who enjoyed absolute immunity, the court explained that its analysis rested on "the necessary inference that a person or entity entitled to absolute immunity is not a 'party to the action' under subsection (1)" of KRS §411.182, the apportionment statute. "Allowing apportionment against a possessor of immunity from suit defeats" various policy concerns which govern the doctrine of absolute immunity. *Id.* at 135-136.

In this case the third-party defendant has partially waived sovereign immunity through the Board of Claims Act. Therefore, the policy concerns which prohibit apportionment of a defendant that is not subject to *any* liability do not wholly apply. Rather, I find the analysis of *Kentucky Farm Bureau Mutual Insur. Co. v. Ryan*, 177 S.W.3d 797 (Ky. 2005) to be instructive. In that case, the Kentucky Supreme Court affirmed an apportionment instruction against an unknown motorcyclist alleged by the defendant to be partially at fault in a motor vehicle accident. The defendant brought in the "unknown motorcyclist" by filing a third party complaint against him or her, which complaint was constructively served via warning order attorney. The plaintiffs appealed, and the Court of Appeals at first agreed

---

[2]*Smolcic* was decided in August of 2004; *Grimes* was decided the preceding January of the same year, with a petition for rehearing denied in March.

that "KRS §411.182 does not permit apportionment against an unknown tortfeasor who, while nominally a party to the action, is neither before the court nor subject to personal liability." *Id.* at 800. However, the Supreme Court voiced its clear disagreement with that analysis: "We do not agree with the Court of Appeals' restrictive interpretation of the procedural nature of KRS §411.182, and, in particular, what constitutes a party subject to allocation of fault." *Id.* The Supreme Court ultimately reversed the Court of Appeals on other grounds, holding that the apportionment statute simply does not apply to contractual claims including those for UIM and UM coverage. Rather, the Supreme Court held that the body of Kentucky law of comparative fault - a concept codified in part by KRS §411.182 for tort claims - permitted the trial court to apportion the defendant's contractual liability.

Accordingly , **IT IS ORDERED HEREIN:**

1. Defendant's motion for leave to file a third party complaint [DE #12] is **granted** and the tendered proposed third party complaint shall be **filed**;

2. As the parties have expressed an interest in a court-facilitated settlement conference in November or December, within 10 days from entry of this order, counsel shall file a joint status report with mutually agreeable dates for such conference.

This 21st day of September, 2006.

Signed By:
*J. Gregory Wehrman*   J.A.W.
United States Magistrate Judge